No. 5910.

STATE OF LOUISIANA EX REL. ELZA B. MENTZ VS. CHARLES CLINTON, AUDITOR.

This is an application for a mandamus to compel the Auditor of the State to issue a warrant on the State Treasurer in favor of relator. An exception was taken to the introduction in evidence of the record of suit No. 26,440 before the Superior District Court, on the ground that it was *res inter alios acta.*

The relator was not a party to the suit the record of which was offered in evidence, and whether it be regarded as in evidence or not, the injunction therein granted against the Auditor can have no legal effect against one not a party to it. If any valid reason existed why relator's claim should not be audited and warranted for, it should have been made the defense to this action.

There is no force in the plea of the Auditor that he has no legal authority to draw warrants on the treasury when there is no money in it to pay the warrant. He is not the custodian of the moneys of the State, nor is it his duty to pay out the moneys of the State. His duty is "to draw all warrants on the treasury for money" for valid claims for which appropriations have been made.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *John Ray,* for relator and appellant. *Charles S. Rice,* for defendant and appellee.

LUDELING, C. J. This is an application for a mandamus to compel the Auditor of the State to issue a warrant on the State Treasurer in favor of relator for $625, the amount due him as parish judge of the parish of St. Mary for the quarter ending thirtieth June, 1875.

The answer of the Auditor to this application is—

First—That he has been enjoined from paying $60,000 of the $132,000 appropriated by the General Assembly for salaries of parish judges; that the amount of the appropriation not enjoined is $72,000, being at the rate of $1200 for each parish judge; that he had already issued one warrant to relator for $625, being for the quarter ending thirty-first March, 1875, and that this amount covers what is coming to relator out of the amount not enjoined for the quarters ending thirty-first March and thirtieth June.

Second—That there is no money in the treasury against which said warrant could be drawn, and that he had no legal authority to draw warrants on the treasury when there is no money in the treasury to pay the same.

It is admitted that the facts in the petition are true. It is further admitted that the relator has received a warrant for the first quarter of his salary.

Record of suit No. 26,440 of the Superior District Court was offered in evidence and was objected to on the ground that it was *res inter alios acta.* The objection was overruled, and the evidence was received; and a bill of exceptions was taken to the ruling. The relator was not a party to the suit the record of which was offered in evidence. Whether it be regarded as in evidence or not, the injunction therein granted against the Auditor can have no legal effect against one not a party to it. If any valid reason existed why the claim should not be audited and warranted for, it should have been made the defense to this action.

The second reason assigned for not issuing the warrant is unfounded. The Auditor is not the custodian of the moneys of the State; nor is it his duty to pay out the moneys of the State. His duty is "to draw all warrants on the treasury for money" for valid claims for which appropriations have been made. Sections 2 and 3 of § 174 of Revised Statutes.

This precise question was recently decided in the case of the Republican Printing Company vs. The Auditor.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the relator against the Auditor, making the mandamus peremptory.

———

Morgan, J. There is no allegation in the answer of the Auditor that the sum claimed by the relator is not due; that no appropriation has been made to meet it; that the appropriation has been exhausted; or that it is in excess of the revenue.

I therefore concur in the decree.